Grogan Manufacturing Company v. Commissioner.
Grogan Mfg. Co. v. Commissioner
Docket No. 10465.
United States Tax Court
1948 Tax Ct. Memo LEXIS 15; 7 T.C.M. (CCH) 951; T.C.M. (RIA) 48263; December 20, 1948
*15 James R. Yeatman, Esq., Neils Esperson Bldg., Houston 2, Tex., and Hugh Carney, Esq., for the petitioner. Donald P. Chehock, Esq., and Allen T. Akin, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined deficiencies in income tax for 1941 in the amount of $5,474.20, in declared value excess profits tax for 1941 in the amount of $1,582.08, and in excess profits tax for 1941 and 1942 in the respective amounts of $4,730.14 and $25,385.45. The sole question presented is whether amounts paid by petitioner during the taxable years to four officers and two employees constituted reasonable compensation for services rendered. Findings of Fact Petitioner is a lumber manufacturing company with principal office at Bivins, Texas. Its income and excess profits tax returns for the taxable years were filed with the collector of internal revenue for the second district of Texas at Dallas, Texas. Since its incorporation in 1902, the petitioner has operated lumber mills on several locations in the State of Texas. As timber was cut out in one location petitioner moved to another. In 1933 petitioner moved to Bivins, *16 Texas, and built a plant consisting of a sawmill having a capacity of 30,000 to 50,000 board feet a day, a planing mill, dry kiln, rough shed, green shed, shipping department, log pond, approximately 200 houses for employees, a general store and an office. The officers of petitioner at all times material herein were W. R. Grogan, president; George L. Grogan, vice-president; J. E. Mounce, secretary; and J. S. Cochran, treasurer. They were also directors. Other directors were J. G. and H. N. Grogan, brothers of W. R. and George L. Grogan, and R. K. Coke, a small stockholder. About 95 per cent of the stock of petitioner was owned or controlled by its four officers and J. G. and H. N. Grogan. W. R. Grogan owned 265 shares, George L. Grogan 251; J. E. Mounce 234, and J. S. Cochran 60. The stockholders of petitioner and those of the Grogan-Cochran Lumber Company were substantially the same. The latter corporation was located 200 miles from petitioner and was managed by J. G. and H. N. Grogan. After the Bivins operation commenced the petitioner had some difficulty in financing its operations. Its stockholders paid into the company in 1937 the sum of $47,000 and during the years 1934 to *17 1941 it was forced to borrow substantial sums from banks. These loans were made on the credit of W. R., George L., H. N. and J. G. Grogan, who endorsed the notes. In addition, W. R. and George L. Grogan, Sr., borrowed money on their life insurance policies and personally-owned stock and turned the proceeds over to petitioner. The salaries paid by petitioner to its officers and to two employees, C. M. Grogan and George L. Grogan, Jr., [1] during the years 1934 to 1940, inclusive, were as follows: W. R.
Geo. L.
J. S.
J. E. Mounce
C. M.
Geo. L.
Year
Grogan
Grogan, Sr.
Cochran
Commissions
Grogan
Grogan, Jr.
1934
$1,500.00
$2,700.00
$2,520.00
$5,250.00
$ 720.00 $ 1935
1,650.00
3,000.00
2,720.00
1,957.50
900.00
1936
1,650.00
3,300.00
3,120.00
1,020.00
1937
1,800.00
3,600.00
3,960.00
251.00
1,500.00
1938
1,650.00
3,200.00
3,120.00
125.00
1,510.00
100.00
1939
1,745.00
2,790.00
3,310.00
240.00
2,190.00
1,313.50
1940
1,800.00
3,045.00
3,420.00
531.30
2,550.00
1,495.50
The following table shows *18 the amount of petitioner's invested capital, net earnings before taxes but after salaries (as adjusted by Commissioner), and dividends paid for the years 1934 to 1940, inclusive: Year
Invested Capital
Net earnings
Dividends paid
1934
$ 90,000.00
$12,107.00
none
1935
90,000.00
16,517.00
none
1936
90,000.00
27,191.00
$27,000.00
1937
200,000.00
913.00
6,000.00
1938
200,000.00
(16,189.00)
none
1939
200,000.00
21,790.00
10,000.00
1940
200,000.00
44,478.00
20,000.00
The officers of petitioner accepted low salaries during the years 1934 to 1940, inclusive, because the company was in debt. They comprised a majority of its board of directors and had an agreement or understanding that they would be recompensed for the low salaries received by them if and when the financial condition of petitioner permitted such a step to be taken. In 1941 and 1942, when the earnings of the company appeared to the directors to be sufficient to justify carrying out their former agreement to compensate the officers and employees for the services rendered in prior years for which they were not fairly compensated during those years, the directors adopted resolutions *19 increasing the compensation over that received in prior years in such amounts as the directors considered fair compensation for past uncompensated services and for increased services rendered in 1941 and 1942. The resolution passed on December 5, 1941, read as follows: "WHEREAS, the executive officers of the Company have for many years in the past received very little compensation, considering the responsibilities they have borne, the efforts they have devoted to the business, and the successful results of their management, and "WHEREAS, the Company has been financially unable to pay its executives such salaries as have been paid by other lumber companies in comparative circumstances by reason of the fact that its available funds have been needed in the business, and "WHEREAS, it is now apparent that the Company is enjoying a highly profitable year; that it has already paid its stockholders a 5% dividend and declared a 10% dividend payable in the near future; that after payment of such dividends there will still remain as undivided profits approximately the sum of $55,270.00. "THEREFORE, BE IT RESOLVED, that the following bonuses be declared and credited to the accounts of *20 the executives listed below, in the amounts opposite their names: "W. R. Grogan
$5,527.00
"Geo. L. Grogan
5,527.00
"J. S. Cochran
5,527.00
"J. E. Mounce
4,963.00
"BE IT FURTHER RESOLVED, that if the final audit of the current year's operations shall reveal that the profits for the year are in excess of the amount now anticipated, nothing in this resolution shall be construed as prohibiting the Board of Directors from declaring further bonuses, both to the employees of the Company and to the executive officers, in such amounts as in their considered judgment are fair both to the stockholders and to the officers and employees." The minutes of the December 29, 1941, meeting refer to the meeting of December 5th and then state as follows: "* * * It now appears that the profits for the year will run considerably higher than anticipated at that time. "After general discussion of the subject, it was moved, seconded, and unanimously carried, that additional salaries of $3,000 each should be paid the active executives of the Company, viz: W. R. Grogan, Geo. L. Grogan, J. E. Mounce, and J. S. Cochran, and that the sum of $10,487.75 should be divided among the other *21 employees of the Company in such proportions and to such employees as the officers shall consider fair and equitable. "No further business appearing, the meeting adjourned." The records of the company show the $10,487.75 actually was disbursed among the employees as follows: C. M. Grogan
$ 4,300.00
Geo. L. Grogan
4,186.00
J. B. Parker
228.00
Bonds to 24 employees
618.75
Cash to 202 employees
1,155.00
$10,487.75 That portion of the minutes of the meeting of the board of directors of April 6, 1942, dealing with salaries reads as follows: "The directors considered the financial statement of the Company for the first quarter of the year 1942 and conducted some discussion of the Company's prospects for the remainder of the year. It was reported by the officers that salaries had not been officially set by the Board of Directors for the current year, and that the salaries credited individual employees who were also members of the Board of Directors, for the first three months of the year, were as follows: "Geo. L. Grogan, $470.00 per month; W. R. Grogan, $250.00 per month; J. S. Cochran, $445.00 per month; J. E. Mounce, $100.00 per month; and R. K. Coke, *22 $75.00 per month. "After a general expression of opinion was had it was moved, seconded, and unanimously carried, that the salaries of the four active officers first named above, be increased by $2,100.00 for the first quarter of 1942, and that the salary of R. K. Coke be increased $225.00 for the first quarter. The motion also provided that such salaries should be continued so long as it was the opinion of the Board of Directors, that the increased salaries could be paid without interfering with the payment of fair dividends to the stockholders, and so long, as in the opinion of the directors the services rendered by each employee is commensurate with the compensation paid." The following table shows the amount of compensation paid and claimed as a deduction by the petitioner and the amounts allowed by the respondent for the years 1941 and 1942: Claimed
Allowed
Name
1941
1942
1941
1942
W. R. Grogan, Pres.
$11,527.00
$11,400.00
$7,263.50
$7,200.00
George L. Grogan, Vice-pres.
14,167.00
14,040.00
9,903.50
9,840.00
J. S. Cochran, Treas.
13,867.00
13,740.00
9,603.50
9,540.00
J. E. Mounce, Secretary
9,163.00
9,600.00
5,181.50
5,400.00
C. M. Grogan
7,000.00
8,097.50
5,000.00
6,097.50
Geo. L. Grogan, Jr.
5,860.00
6,843.50
3,860.00
4,843.50
*23 Before adjustments made in the notice of deficiency but after deducting amounts paid for salaries and bonuses, the net profits of petitioner for 1941 were $71,777 and for 1942 were $61,229. Petitioner made dividend distributions to its stockholders of $30,000 in 1941 and $32,000 in 1942. W. R. Grogan, president, was the timberman for petitioner. He was 68 and 69 years of age during the taxable years 1941 and 1942. His work consisted of cruising the prospective timber to be bought, estimating the timber on the tract and its value, and negotiating or rejecting the purchase after consultation with his brother, George L. Grogan, general manager. After the timber was bought he showed the corners of the tract to the woods superintendent, J. S. Cochran, and then later checked back to see if the timber was cut according to specifications. He also watched to see that someone else did not cut petitioner's timber. For many years, including the period from 1934 to 1942, inclusive, he has worked for both the petitioner and the Grogan-Cochran Lumber Company, devoting about 15 per cent of his time to the latter. He has been with petitioner since 1902. He received a salary of $3,000 per year in *24 1941 and 1942 from the Grogan-Cochran Lumber Company. George L. Grogan, vice-president, was the general manager of petitioner. He was 64 and 65 years of age during the taxable years 1941 and 1942. He was referred to as the "inside man". He was in general charge of the mills, shipping, office and general store. He supervised the mill operation, the making of loans and sales, and the bookkeeping. He worked long hours and has been with petitioner since 1902. J. S. Cochran, treasurer, was the woods superintendent of petitioner. He was 49 and 50 years of age in 1941 and 1942. His mother was a sister of W. R. Grogan and George L. Grogan. The company did all of its log hauling by trucks. J. S. Grogan was in charge of the felling of the trees and delivery of the logs to the sawmill. The sawmill handled from 30,000 to 50,000 feet of lumber a day. Petitioner, as did other lumber companies, had trouble getting tires and trucks during these years. J. S. Cochran worked for the company seven days per week, from 5:30 in the morning till late at night. The nature of the logging country added to the difficulty of J. S. Cochran's job. The company's tracts of timber are located in the hilly part *25 of East Texas and are widely scattered. Some of the tracts are as much as from 40 to 50 miles distant from the mills. In between the hills there are marshes and streams. The best of the timber is found in the marshes and along the streams. The tracts were uncharted and had no roads in them. As a result, J. S. Cochran had to build roads in every case. Just before Christmas in 1942 he had a break-down which his doctor attributed to overwork. He has been with petitioner since 1912. J. E. Mounce oversaw the leasing for oil and gas of petitioner's lands in Marion, San Jacinto and Liberty Counties, and keeping depredators off these lands. He is related to J. S. Grogan and H. N. Grogan by marriage. He lives about 225 miles from Bivins, Texas. From 1932 to 1940, inclusive, he drew no salary from either the petitioner or the Grogan-Cochran Lumber Company, but received commissions from both companies for leasing the lands and for oil and gas. Beginning with 1941 he has drawn a salary from both companies and continued to draw his commissions. He has been secretary of petitioner since 1934. He attends meetings and draws up the minutes, but performs no other work as secretary other than to sign *26 papers. He has been with petitioner since 1910. In 1941, in addition to a salary of $9,163 received from petitioner, he received a salary of $1,200 from the Grogan-Cochran Lumber Company, directors' fees of $600 from both companies, and commissions of $3,395.54. In 1942, in addition to a salary of $9,600 from petitioner, he received $1,200 from Grogan-Cochran, and commissions of $4,801.15. C. M. Grogan, son of W. R. Grogan, was employed by petitioner from 1938 to 1946 and from 1938 on he was in charge of office under the supervision of George L. Grogan, kept the sales books and made out the sales invoices. He was 28 and 29 years of age during the taxable years in question. George L. Grogan, Jr., son of George L. Grogan, started with the company as a common laborer in 1933. From 1939 on he was the payroll clerk, looked after the rent properties rented to employees, and handled the purchase of truck parts. In the years 1941 and 1942 he was 24 and 25 years of age. The following amounts paid by petitioner in 1941 and 1942 constituted reasonable compensation for the services of said officers and employees rendered in 1941 and 1942, together with reasonable compensation for services *27 rendered in prior years for which said officers and employees were not fairly compensated during those years. 1941
1942
W. R. Grogan
$10,000.00
$10,000.00
G. L. Grogan, Sr.
14,167.00
14,040.00
J. S. Cochran
13,867.00
13,740.00
J. E. Mounce
5,181.50
5,400.00
C. M. Grogan
5,000.00
6,097.50
G. L. Grogan, Jr.
3,860.00
4,843.50
Opinion In the last paragraph of our findings we have set forth the amounts which we have determined to be reasonable compensation paid in 1941 and 1942 for services rendered by petitioner's officers and two of its employees. Although this finding effectively disposes of the only issue in this proceeding, it may not be amiss to point out that from the evidence presented we are convinced that for a number of years prior to the taxable years the officers of petitioner, who comprised a majority of its board of directors, received inadequate compensation for the services rendered by them; that they had an agreement or understanding that when petitioner's financial condition improved they would be recompensed for the low salaries received; and that the resolutions adopted by petitioner's board of directors in 1941 and 1942 *28 increasing their compensation represented the first steps taken to carry into effect the plan to recompense the officers for the low salaries previously received. Compensation reasonable in amount, covering services rendered in prior years, has been held to be deductible in the year in which paid. . Inasmuch as part of the compensation paid petitioner's officers was for services rendered in prior years, evidence introduced by the respondent showing that compensation paid officers of comparable lumber companies in the Texas-Arkansas area during 1941 and 1942 for services rendered by them in those years was less than that paid to officers of petitioner is not persuasive. W. R. Grogan, George L. Grogan and J. S. Cochran were hard-working and efficient officers who devoted long hours in the service of petitioner. A brief statement of the duties performed by each is set forth in our findings. We have made a slight reduction in the compensation claimed by petitioner for services rendered by W. R. Grogan, who devoted about fifteen per cent of his time to the Grogan-Cochran Lumber Company for which he was compensated, and allowed the compensation *29 claimed by petitioner for services rendered by George L. Grogan and J. S. Cochran. In the cases of J. E. Mounce, C. M. Grogan and George L. Grogan, Jr., our conclusion from the evidence was that the amounts allowed by the respondent were liberal and constituted reasonable compensation even though a part thereof were for services rendered in prior years. As to these three men, therefore, we have approved the respondent's determination Decision will be entered under Rule 50. Footnotes
1. C. M. Grogan is the son of W. R. Grogan and George L. Grogan, Jr., the son of George L. Grogan, Sr.↩